JOHN WOOD v. THE STATE.

No. 5659.   Decided January 28, 1920.

1.—Murder—Manslaughter—Former Conviction—Misconduct of Jury.

Where, upon appeal from a conviction of manslaughter, it appeared from the record that if any reference was made to a former conviction upon the trial of the instant case, it was but an incidental one based upon the information obtained by the jurors in the selection of the jury and the conduct of the trial, and not to be classified as the introduction of new evidence, there was no reversible error. Following: Fox v. State, 53 Texas Crim. Rep., 155.

2.—Same—Bill of Exceptions—Rule Stated—Practice on Appeal.

Where the bill of exceptions relating to the alleged misconduct of the jury, with reference to the former conviction, was filed after the trial court terminated, it could not be considered; yet, even if there was timely objection, the action of the trial court in overruling the motion after hearing the facts should not be disturbed.

Appeal from the District Court of Hill.   Tried below before the Hon. Horton B. Porter, judge.

Appeal from a conviction of manslaughter; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*V. L. Shurtleff* and *Collins & Cummings,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State. Cited: Smith v. State, 52 Texas Crim. Rep., 351; Burge v. State, 73 Texas Crim. Rep., 505, 167 S. W. Rep., 63.

MORROW, Judge.—The conviction is for manslaughter, and punishment assessed at confinement in the penitentiary for three years. We deem it unnecessary to make any statement of the facts, referring to report of the case on former appeal, 85 Texas Crim. App. 268, 211 S. W. Rep., 782.

We find but one bill of exceptions, and this relates to alleged misconduct of the jury with reference to the former conviction. This bill was filed November 5, and the Assistant Attorney General objects to its consideration because it was filed after the adjournment of the term at which the case was tried, which terminated on October 19, referring to Black v. State, 41 Texas Crim. Rep., 187, and other cases collated in Branch's Annotated Penal Code, Sec. 572, p. 294. From a reading of the bill, we understand that in testing the qualifications of the jurors on their *voir dire* some reference was made to the former trial, and in the development of the case it was made plain that there had been a previous trial, though in neither instance does the record indicate that the result of the former trial was disclosed. There is some evidence that there was in the jury, after its retirement, some reference to the previous conviction. There is a conflict of evidence, however, and we do not feel justified in holding that the trial court was not warranted in concluding that such reference, if any, as was made to the former conviction was but an incidental one, based upon the information obtained by the jurors in the selection of the jury, and the conduct of the trial, and not to be classified as the introduction of new evidence. Fox v. State, 53 Texas Crim. Rep., 155. It is held that under such circumstances a reversal is not authorized. See Smith v. State, 52 Texas Crim. Rep., 351; Moore v. State, 52 Texas Crim. Rep., 341, from which we quote:

"Here it seems there was evidence before the jury of a former trial. It also appears that some of the jurors knew of the former conviction, but it does not appear that any discussion was had of this matter in the jury room, and the most that can be said is that it was casually referred to, and it does not seem to have made any impression on any member of the jury. We do not believe that under the circumstances this was such misconduct as ought to reverse the case."

Even if there was no objection to the consideration of the bill, we think, under the authorities, the action of the trial court in overruling the motion after hearing the facts should not be disturbed.

The judgment is affirmed.

*Affirmed.*