### Ex parte Billy Jack BENNETT.

### No. 42105.

Court of Criminal Appeals of Texas.

June 11, 1969.

Charles L. Ballman, Borger, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

This is an appeal from an order entered by the County Judge of Hutchinson County, Texas, denying relief in a habeas corpus proceeding.

The application upon which the writ of habeas corpus was issued by the County Judge alleged that appellant was confined and restrained by Hugh Anderson, Sheriff of Hutchinson County, Texas, by virtue of a writ, order or process issued out of the State of Missouri and a Governor's Warrant, both of which were unavailable to him, and alleged that such confinement or restraint was illegal.

The Sheriff's return on the writ served on him and the Executive Warrant issued by Texas Governor John Connally, annexed as a part of such return, reflect that

appellant stood charged, in the State of Missouri, by affidavit made before a magistrate, with the crime of burglary, and the Governor's Warrant commanded his arrest and delivery to an agent of the State of Missouri to be taken back to that state to be dealt with for said felony offense.

The jurisdiction of the county court or judge thereof to issue writ of habeas corpus is limited by the Constitution of Texas to cases where the offense charged is within the jurisdiction of the county court or any other court or tribunal inferior to said county court. Art. V, Sec. 16, Constitution of Texas, Vernon's Ann.St.

Art. 11.42 Vernon's Ann.C.C.P. provides:

"If it appear by the return and papers attached that the judge or court has no jurisdiction, such court or judge shall at once remand the applicant to the person from whose custody he has been taken."

■ The applicant being charged with a felony offense, the County Judge was without authority to enter any order in the habeas corpus case other than to remand him to the Sheriff of Hutchinson County from whose custody he was taken by virtue of the issuance of the writ of habeas corpus.

The County Judge recognized that there was a serious question as to his jurisdiction to hear and decide the case and did so only after counsel for appellant and state's counsel had stated that they raised no question as to his jurisdiction.

The statute which confused the issue of jurisdiction in the mind of counsel is Section 10 of Art. 51.13 V.A.C.C.P. (Uniform Criminal Extradition Act) which reads:

"No person arrested upon such warrant shall be delivered over to the agent whom the Executive Authority demanding him shall have appointed to receive him unless he shall first be taken forthwith before a judge of a court of record in this State, who shall inform him of the demand made for his surrender and of the crime with which he is charged, and that he has the right to demand and procure legal

counsel; and if the prisoner or his counsel shall state that he or they desire to test the legality of his arrest, the judge of such court of record shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus. When such a writ is applied for, notice thereof, and of the time and place of hearing thereon, shall be given to the prosecuting officer of the county in which the arrest is made and in which the accused is in custody, and to the said agent of the demanding state."

■ A close reading of this statute will reveal that it relates to the protection of the rights of the person arrested upon a Governor's Warrant prior to being delivered to the agent of the demanding state, including his right to test the legality of his arrest by applying for a writ of habeas corpus, and does not purport to deal with the question of the jurisdiction of "a court of record" to issue the writ of habeas corpus which may be applied for following the warning.

■ A county court is a court of record and a county judge may perform the service provided in Sec. 10 of Art. 51.13, supra. However, if the person arrested under the Governor's Warrant is charged with a felony, the county court or judge thereof is without authority to issue the writ.

In appeals from the judgment rendered on the hearing of an application under habeas corpus the Court of Criminal Appeals "shall enter such judgment, and make such orders as the law and the nature of the case may require, * * *." Art. 44.37 V.A.C.C.P.

The order which we deem appropriate is that provided in Art. 11.42, supra, which should have been made by the County Judge.

Appellant is remanded to the Sheriff of Hutchinson County, Texas, from whose custody he was taken by the issuance of the writ of habeas corpus.