**Ex parte Jackson Timothy SULLIVAN.**

**No. 51481.**

Court of Criminal Appeals of Texas.

March 3, 1976.

John A. Brady (On appeal only), Fort Worth, for appellant.

Tim C. Curry, Dist. Atty. and Howard M. Fender, Asst. Dist. Atty., Fort Worth, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from an order entered by the Judge of County Criminal Court No. 1 of Tarrant County denying relief in a habeas corpus proceeding and remanding the appellant to custody of the sheriff for

extradition to the demanding State of Arizona.

The Executive Warrant issued by the Honorable Dolph Briscoe, Governor of Texas, recites that the appellant stands charged by indictment in the demanding state with the felony criminal offenses of grand theft, the sale of unregistered securities, and securities transactions as an unregistered dealer.

The jurisdiction of a County Court or judge thereof to issue a writ of habeas corpus is limited by the Constitution of Texas to cases where the offense charged is within the jurisdiction of the County Court or any court or tribunal inferior to said County Court. Article V, Sec. 16, Constitution of Texas. See *Ex parte Manzella*, 443 S.W.2d 260 (Tex.Cr.App.1969); *Ex parte Bennett*, 442 S.W.2d 373 (Tex.Cr.App.1969).

Under the provisions of Art. 51.13, Secs. 10 and 25a, V.A.C.C.P., a fugitive may be advised of his rights concerning extradition and he may waive extradition in a county court, since it is a court of record, but, the provisions of Art. 51.13, Sec. 10, V.A.C.C.P. notwithstanding, the county court does not have jurisdiction to hold a habeas corpus hearing on extradition in a felony case. See *Ex parte Bennett*, supra.

Since the appellant was charged in the demanding state with felony offenses, the Judge of the County Criminal Court No. 1 of Tarrant County was without authority to enter an order in this habeas corpus proceeding. Under the provisions of Article 11.42, V.A.C.C.P., the Judge of the County Court had authority only to remand the appellant to the custody of the Sheriff of Tarrant County from whose custody he was taken by virtue of the issuance of the writ of habeas corpus.

In appeals from the judgment rendered on the hearing of an application under habeas corpus the Court of Criminal Appeals "shall enter such judgment, and make such orders as the law and the nature of the case may require, . . ." Article 44.37, V.A.C.C.P.

The order which we deem appropriate is that which should have been made by the County Judge. See Article 11.42, V.A.C. C.P.

Appellant is remanded to the Sheriff of Tarrant County, Texas, from whose custody he was taken by the issuance of the writ of habeas corpus.

Opinion approved by the Court.