**Billy Wayne MIRACLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 63931.**

Court of Criminal Appeals of Texas, Panel No. 1.

June 4, 1980.

Rehearing Denied Sept. 10, 1980.

Doyle Mallett, Amarillo, on appeal only, for appellant.

Thomas A. Curtis, Dist. Atty., Steve Schiwetz and Thomas S. Hughes, Asst. Dist. Attys., Amarillo, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and DALLY, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for robbery by assault under the former Penal Code [Article 1408, V.A.P.C., 1925]. One prior felony conviction was alleged for enhancement of punishment. Appellant entered a guilty plea to the robbery and a plea of "true" to the enhancement portion of the indictment before a jury. He elected to be punished under the 1974 Penal Code [Acts 1973, 63rd Leg., p. 883, ch. 399, § 6(c)]. The jury assessed punishment at fifty (50) years' imprisonment.

On appeal appellant contends the trial court erred in failing to grant his motion to quash the indictment because he was "placed . . . in jeopardy of an indictment carrying a potentially greater punishment than 5 years to 99 years imprisonment, that the court erred in limiting the jury's consideration to a range of punishment of not less than 5 nor more than 99 years confinement, that the court erred in refusing to permit testimony before the jury concerning a stroke he suffered, and that the prosecutor engaged in improper jury argument."

Appellant filed a pre–trial motion to set aside the instant indictment because of a federal district court order that if the appellant be re–tried such retrial be "under an indictment which does not carry a potentially greater punishment than 5 years to 99 years imprisonment . . . ." Appellant moved to dismiss the instant indictment because the penalty under Article 1408, V.A.P.C., 1925, was greater than that. The federal court order was not attached. At the hearing on the motion, no evidence was offered in support thereof. The motion was overruled with the judge stating he would submit the range of punishment to the jury as being from 5 to 99 years' imprisonment.

In his brief, appellant asserts that the instant indictment carried the possibility of a greater penalty than 99 years when only the primary offense is considered under Article 1408, V.A.P.C., 1925, and that when the allegation of a prior conviction for felony theft is considered there was even a possibility for an automatic life sentence under Article 62, V.A.P.C., 1925; *Thompson v. State*, 170 Tex.Cr.R. 258, 339 S.W.2d 209 (1960). He argues by citing *Miracle v. Estelle*, 592 F.2d 1269 (5th Cir. 1979), and mentioning a later federal district court order that he was entitled to a retrial under an indictment which did not carry a potentially greater punishment than 5 to 99 years' imprisonment. This is all we are offered in appellant's brief.

From the oral argument before this court, statements in the State's brief, etc., we piece together this background of appellant's contention.

From these pieces it appears appellant was indicted on May 23, 1974 for robbery by assault under former Article 1408, V.A.P.C., 1925, for an offense committed in 1972 with one prior felony conviction alleged for enhancement of punishment. See Article 62, V.A.P.C., 1925. While this indictment was pending, a second indictment was returned

in another district court of Potter County charging appellant with robbery by assault with a firearm with two prior non-capital felony convictions alleged for enhancement. Supposedly the primary offenses in both indictments were the same. The appellant was placed on trial on the first indictment. Having chosen to be punished under the 1974 Penal Code then in effect although convicted of a former Code offense, the appellant was assessed a penalty of 99 years' confinement by the jury. A new trial, however, was granted because of jury misconduct. The appellant was then put to trial on the second indictment mentioned above. Appellant again elected to be punished under the provisions of the 1974 Penal Code. Appellant was convicted and assessed life imprisonment. He appealed and his conviction was affirmed in a per curiam opinion by this court. After exhausting his state's remedies, appellant sought federal habeas corpus relief on the ground that he had been assessed a greater penalty after he had successfully sought a new trial after his first conviction. The federal district court denied relief, but on appeal the Fifth Circuit Court of Appeals granted relief holding there was prosecutorial vindictiveness in trying the appellant on the second indictment and securing a greater punishment after he successfully obtained a new trial following conviction on the first indictment. Another federal district court order followed after the decision of the federal appellate court became final. Appellant was indicted for the third time for supposedly the same primary offense, the indictment alleging the non–capital offense of robbery by assault with one prior non–capital offense alleged for enhancement. It was to this indictment the appellant directed his motion to quash.

■ Not much of the above is substantiated by this record. Allegations in a motion to quash or set aside an indictment do not prove themselves. Assertions in briefs and oral argument not supported by the record cannot be considered as evidence before this court. As noted earlier, the motion to set aside the instant indictment mentioned the last federal district court order, but it was not attached thereto or introduced at the hearing on the motion. In fact, no evidence was introduced. At such hearing there was no indictment or judgment of the first conviction introduced, no evidence of the second conviction offered. There is no way to tell from this appellate record whether the primary offense charged in the first and second indictments is the primary offense charged in the instant indictment, and without the federal district court order we cannot conclude that the trial court erred in overruling the motion to set aside the instant indictment on the basis urged.

■ If we were to look to the appellate record on appeal from the conviction on the second indictment which is not proper,[1] to the facts stated in *Miracle v. Estelle*, supra, and consider the assertions in the briefs as evidence, we still do not conclude the court erred in overruling the motion to set aside the indictment.

Taking the assertions in the briefs, etc., at face value, we make the following observations. The robbery offense occurred in 1972 and was governed by the former Penal Code even though appellant was first indicted in 1974. That indictment charged him with robbery by assault, a non–capital felony under Article 1408, V.A.P.C.,[2] which

1. It is not proper for this court to look to another appellate record to supply any deficiency in the proof of another case under consideration on appeal. See 1 McCormick & Ray, Texas Law of Evidence, § 186, p. 207 (2nd Ed. 1956); *Cain v. State*, 468 S.W.2d 856, 861 (Tex. Cr.App.1971).

2. Article 1408, V.A.P.C., 1925, provided:
   "If any person by assault, or violence, or by putting in fear of life or bodily injury, shall fraudulently take from the person or possession of another any property with intent to appropriate the same to his own use, he shall be punished by confinement in the penitentiary for life, or for a term of not less than five years; and when a firearm or other deadly weapon is used or exhibited in the commission of the offense, the punishment shall be death or by confinement in the penitentiary for any term not less than five years."

carried a possible penalty range of life, or for a term of not less than five years. The indictment also alleged a prior felony conviction under Article 62, V.A.P.C.,[3] for the enhancement of punishment, which allegation raised the possibility of punishment to automatic life when the provisions of said Articles 1408 and 62 are considered together. At the trial on the first indictment, the appellant chose to be punished under the 1974 Penal Code, which he had a right to do [Acts 1973, 63rd Leg., p. 883, ch. 399, § 6(c)]. Thus, V.T.C.A., Penal Code, § 12.42(b), and § 12.32 [as enacted in 1973] and § 29.02 came into play.[4] Under such statutes, the punishment actually assessed by the jury was 99 years' imprisonment.

After a new trial was granted, the appellant was tried on the second indictment which had been returned subsequent to the first indictment but prior to the first trial. Such indictment charged the ordinarily capital felony offense of robbery by assault with a firearm, which under the statute [Article 1408, supra] carried a penalty of death or any term of years not less than five years. The indictment alleged two prior non–capital felony convictions apparently for enhancement of punishment. Ordinarily under the former Penal Code it was not possible to enhance punishment for a capital felony offense with allegation and proof of prior non–capital felony convictions, *Bradley v. State*, 456 S.W.2d 923 (Tex.Cr.App.1970), or vice versa. *Meador v. State*, 161 Tex.Cr.R. 183, 275 S.W.2d 657 (1955). However, at the time of the return of the second indictment and at the time of

appellant's second trial, the death penalty in Texas had been declared unconstitutional by *Furman v. Georgia, Jackson v. Georgia* and *Branch v. Texas*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), and therefore robbery by assault with a firearm had become a non–capital offense. Thus the allegation of the two prior non–capital felony convictions invoked Article 63, V.A.P.C., 1925,[5] and raised the possibility of an automatic life sentence. At the second trial, appellant elected to be punished under the 1974 Penal Code, thus raising the possible punishment for the primary count of robbery by assault with a firearm from any term of years not less than five years under Article 1408, supra, and *Furman v. Georgia*, supra, to the penalty of life or any term of years not less than five nor more than 99 years, which is the penalty for aggravated robbery, a first degree felony. See V.T.C.A., Penal Code, § 12.32 and § 29.03. The possible penalty in light of the two prior convictions alleged did not change by appellant's election as V.T.C.A., Penal Code, § 12.42(a), like Article 63, V.A.P.C., 1925, calls for automatic life imprisonment.

The jury at the second trial found appellant guilty of robbery by assault with a firearm and found he had been twice previously convicted as alleged. The trial court then assessed a life sentence under the new Penal Code since the appellant had elected to be punished thereunder. The case on appeal was affirmed. On appellant's motion for rehearing this court in a per curiam opinion relied upon the fact the jury's ver-

3. Article 62, V.A.P.C., 1925, provided:
   "If it be shown on the trial of a felony less than capital that the defendant has been before convicted of the same offense, or one of the same nature, the punishment on such second or other subsequent conviction shall be the highest which is affixed to the commission of such offenses in ordinary cases."

4. V.T.C.A., Penal Code, § 12.42(b), provides:
   "(b) If it be shown on the trial of a second degree felony that the defendant has been once before convicted of any felony, on conviction he shall be punished for a first degree felony."
   Robbery under the present code is a second degree felony. V.T.C.A., Penal Code, § 29.02.

V.T.C.A., Penal Code, § 12.32 [as enacted in 1973], provides:
   "An individual adjudged guilty of a felony of the first degree shall be punished by confinement in the Texas Department of Corrections for life or for any term of not more than 99 years or less than 5 years."
   This section was amended in 1979, but said amendment is not applicable to appellant's first trial.

5. Article 63, V.A.P.C., 1925, read as follows:
   "Whoever shall have been three times convicted of a felony less than capital shall on such third conviction be imprisoned for life in the penitentiary."

dict determined the punishment to be assessed as a matter of law and there was no judicial vindictiveness relying upon *Alvarez v. State*, 536 S.W.2d 357 (Tex.Cr.App.1976).

After exhausting available State remedies, the appellant sought federal habeas corpus relief. The federal district court denied relief and the appellant appealed. The Fifth Circuit Court of Appeals in *Miracle v. Estelle*, 592 F.2d 1269 (1979), relying upon *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974),[6] with a gloss by *Hardwick v. Doolittle*, 558 F.2d 292 (5th Cir. 1977), and *Jackson v. Walker*, 585 F.2d 139 (5th Cir. 1978), held that (1) the fact that the "aggravated robbery" indictment was returned before trial on the original robbery indictment and was pending at the time petitioner exercised his right to attack the conviction did not mean that reprosecution on the latter indictment could not have been motivated by retaliation; (2) "aggravated robbery" offense constituted a more severe offense than that involved in the original prosecution; and (3) where the State offered no explanation for "upping the ante" against the petitioner, the State could not reindict or re-try petitioner on a charge carrying a potentially greater punishment than that applicable to the lesser charge.

The opinion in *Miracle v. Estelle*, supra, is chock full of factual misstatements and some misconceptions of the Texas substantive law applicable to the case before it. The opinion states that the appellant was first indicted for robbery, a felony of the second degree, and was subsequently indicted for "aggravated robbery," a felony of the first degree. This is not correct. The opinion overlooks the fact the offense oc-

curred on September 1, 1972, before the new Penal Code became effective (January 1, 1974). If the appellant was to be charged with any offense, it had to be one under the former Penal Code despite when the indictment was returned. Under such Code, we did not have felonies of various degrees but only capital and non–capital felonies. Under Article 1408, V.A.P.C., 1925, there was robbery, a non–capital offense, and robbery by assault with a firearm or other deadly weapon, a capital felony offense, until it was dehorned by *Furman v. Georgia*, supra, thus making it a non–capital offense at the time of the alleged commission of the robbery here involved. The penalties under the former Code are not mentioned by the opinion. The court was apparently unaware the penalties actually assessed in the two trials were a result of the appellant's exercise of his right to be punished under the new Penal Code rather than the former code. Further, when a defendant indicted under the former Code elects to be punished under the 1974 Code, the nature of the offense does not change. For example, when a defendant is indicted under the former Code for robbery by assault with a firearm, is convicted and elects to be punished under the current Code, the offense remains robbery by assault with a firearm and does not become "aggravated robbery" under the current Code.[7] *Jefferson v. State*, 519 S.W.2d 649 (Tex.Cr.App.1975).

The federal appellate court erroneously assumed the appellant was indicted under the current state Penal Code and so stated the appellant was first indicted for the second degree felony of robbery and subsequently for the first degree felony of aggravated robbery.

---

**6.** *Blackledge v. Perry*, supra, held that the due process clause of the Fourteenth Amendment was contravened when the State obtained an indictment on a felony charge of assault with a deadly weapon with intent to kill and inflict serious bodily injury, based on the same conduct which gave rise to misdemeanor charge of assault with a deadly weapon, after the inmate had been convicted before the state district court of the misdemeanor charge and had exercised his right to a trial de novo in the superior court; that one convicted of a misdemeanor in

North Carolina is entitled to pursue his right to trial de novo without the apprehension that North Carolina will retaliate by substituting a felony charge for the original misdemeanor charge and thus subject him to a potentially greater period of incarceration.

**7.** This is so even though robbery by assault with a firearm would be included in the definition of aggravated robbery in the 1974 Code. V.T.C.A., Penal Code, § 29.03.

In stating the applicable penalties, the federal appellate court was also in error. The court stated, "When joined with one enhancement conviction, aggravated robbery authorizes a potential punishment of 15 to 99 years imprisonment as compared to the potential 5–99 year sentence carried by robbery with one enhancement felony." Aggravated robbery is a felony of the first degree under the 1974 Code, V.T.C.A., Penal Code, § 29.03. V.T.C.A., Penal Code, § 12.32 (as enacted in 1973), applicable to appellant's trial upon election of punishment, provided:

"An individual adjudged guilty of a felony of the first degree shall be punished by confinement in the Texas Department of Corrections for *life* or for any term of not more than 99 years or less than 5 years." (Emphasis supplied.)

V.T.C.A., Penal Code, § 12.42(c), provides:

"If it be shown on the trial of a first–degree felony that the defendant has been once before convicted of any felony, on conviction he shall be punished by confinement in the Texas Department of Corrections for *life*, or for any term of not more than 99 years or less than 15 years." (Emphasis added.) [8]

Robbery is a second degree felony under V.T.C.A., Penal Code, § 29.02. V.T.C.A., Penal Code, § 12.33, provides:

"(a) An individual adjudged guilty of a felony of the second degree shall be punished by confinement in the Texas Department of Corrections for any term of not more than 20 years or less than 2 years.

"(b) In addition to imprisonment, an individual adjudged guilty of a felony of the second degree may be punished by a fine not to exceed $10,000."

V.T.C.A., Penal Code, § 12.42(b), provides:

"If it be shown on the trial of the second–degree felony that the defendant has been once before convicted of any felony, on conviction he shall be punished for a first–degree felony."

The punishment for a first degree felony is set forth earlier in said § 12.32 and includes life imprisonment.

Despite the factual errors and the errors as to potential punishments, the same result may well have been reached if the proper facts and punishments had been considered. However, what concerns this court is the federal appellate court's concluding statement: "Consequently, the state may not reindict or retry Miracle on a charge carrying a potentially greater punishment than 5 years to 99 years."

We find nothing in *Blackledge v. Perry,* supra, nor its forerunner, *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), holding that after vindictiveness, judicial or prosecutorial, because a defendant had successfully attacked his first conviction, a defendant cannot be reindicted "on a charge carrying a potentially greater punishment" than a certain range of penalties. We believe that what the panel of the Fifth Circuit Court of Appeals was really trying to say was that appellant should not be reindicted for any offense greater than robbery by assault with one prior felony conviction for enhancement, the offense for which the appellant was originally indicted and tried. As a result of the panel's apparent unawareness that the alleged offense was an offense under the former Code under which any new indictment must be brought, the confusion about penalties, and the fact the appellant could alter penalties by electing to be punished under the 1974 Code, much uncertainty has been injected into the picture.

█ The current indictment under which appellant was convicted alleging an offense under Article 1408, V.A.P.C., 1925, was not in strict compliance with *Miracle v. Estelle,* supra. After the appellant elected again to be punished under the 1974 Penal Code, however, the trial court moved to follow the spirit of *Miracle v. Estelle,* supra, if not the letter thereof, in limiting the maximum punishment to 99 years. We cannot con-

8. In misstating the proper penalty, the federal appellate court cites said § 12.42(c) in footnote # 13 but ignores the potential punishment of life imprisonment.

clude that the trial court erred in overruling the motion to set aside the indictment.

■ In his second ground of error, appellant complains the court improperly charged the jury that it was only to consider a possible punishment of 5 to 99 years. He contends this was not the proper range of punishment under the instant indictment under Texas law. He is correct, but the trial court was trying to follow as he stated, "the dictates of the federal court." The appellant cannot have his cake and eat it too. Not only was appellant not harmed, he was benefited by the court's action. He may not now be heard to complain. *Ex parte Green*, 548 S.W.2d 914 (Tex.Cr.App. 1977).

Next, the appellant contends the court erred in refusing to allow the appellant to testify before the jury concerning a stroke he had suffered in April of 1979. The alleged offense was shown to have occurred on September 1, 1972. The instant trial commenced September 10, 1979.

There was much testimony about appellant's health being poor. The appellant also testified at length about his poor health and that of his eighty year old mother. He did not state, however, that he had suffered a stroke nor made any effort to so testify. After both sides rested, the court changed its earlier ruling and permitted the voluminous medical records of appellant from the Texas Department of Corrections and the University of Texas Medical Branch at Galveston to be introduced over the objection of the State. At this point, the appellant requested permission to re–open so he could testify he had suffered a stroke. The court refused to permit him to re–open. He perfected a bill of exception in which he testified he had suffered a stroke in April of 1979 which had left him partially paralyzed in the left leg and left arm. He stated the stroke was caused by the pressure at the Ellis Unit of the Department of Corrections where he had been confined. He related that as a result of this illness he was transferred to the Huntsville Unit and placed in the 5th Medical Class, which he stated meant a person was totally disabled. He

added that if he was returned to the Department of Corrections he would once again be placed in the Ellis Unit.

Appellant contends this evidence was admissible under Article 37.07, § 2(b), V.A.C. C.P., and *Allaben v. State*, 418 S.W.2d 517 (Tex.Cr.App.1967), as evidence on the issue of punishment is not limited to a defendant's prior criminal record, his general reputation and his character but evidence bearing on mitigation of punishment or relevant to any application for probation, if any, is also admissible.

The guilty plea was before a jury. Since such a plea to a felony charge before a jury admits the existence of all facts necessary to establish guilt, the introduction of evidence is to enable the jury to intelligently exercise the discretion which the law vests in them touching the penalty to be assessed. *Darden v. State*, 430 S.W.2d 494, 495 (Tex. Cr.App.1968), and cases there cited.

■■ Thus, the hearing before the jury was on the issue of punishment. Putting aside the question of the relevancy of the fact that appellant had a stroke over five years after the alleged offense on the issue of punishment, we observed that first appellant had an opportunity to testify as to his stroke when he was on the witness stand and did not. Second, the medical records introduced by the appellant and which were before the jury showed that he had had a stroke. Thirdly, the general rule of evidence is that while one is generally competent to testify as to the facts surrounding his medical condition, he may not give opinions as to cause, diagnosis or treatment of medical problems. 2 Ray, Texas Practice, Law of Evidence, § 1427 at p. 86 (3rd Ed. 1980); *Tyler Mirror & Glass Co. v. Simpkins*, 407 S.W.2d 807 (Tex.Civ.App.–Tyler 1966), writ ref'd. n. r. e. Fourthly, we conclude it was not improper to deny the appellant the opportunity to tell the jury that in his opinion he would, upon conviction, be returned to the Ellis Unit. This was mere surmise on his part. Fifthly, if the appellant had any obvious disabilities from the effects of the stroke, the jury had an opportunity to observe him in the court-

room and when he took the stand. The court did not abuse its discretion in refusing to allow appellant to re–open and present such testimony under the circumstances presented.

■ Appellant also contends reversible error was committed when the prosecutor in his argument brought to the jury's attention the punishment assessed him in a former trial.

As earlier observed, appellant introduced his medical records over the objection of the State. Among those records was a physician's notation on April 12, 1979 stating, "[appellant] [w]as in for life, but recently received reversal of sentence & will be release (sic) in [approximately] 7 weeks." In his jury argument, the prosecutor read the notation and then asked, "When was this? April 12, 1979. Now, you know what Miracle is doing here in this courtroom again. One case gets reversed, sent back, and now it's up to you again." There was no objection to the argument.

On appeal the appellant contends the argument was in violation of Article 40.08, V.A.C.C.P.[9]

In *Cook v. State*, 124 Tex.Cr.R. 570, 64 S.W.2d 148 (1933), the court noted Article 759, C.C.P., 1925, the forerunner of Article 40.08, supra, and stated:

> "It is not in every case, however, that a reversal must take place for the apparent transgression of the rule stated . . . That is to say, the circumstances attending the disclosure may be such as to either render them harmless or come in such manner that the injured party cannot complain thereof."

In the instant case the appellant introduced the evidence to which the prosecutor made reference in his argument which was unobjected to. The complaint concerning the argument is raised for the first time on appeal. Under the circumstances in which the disclosure was made, the lack of objec-

9. Article 40.08, V.A.C.C.P., provides:
    "The effect of a new trial is to place the cause in the same position in which it was before any trial had taken place. The former

tion, etc., the appellant is in no position to complain.

The judgment is affirmed.

ROBERTS, J., concurs in the result.

conviction shall be regarded as no presumption of guilt, *nor shall it be alluded to in the argument.*" (Emphasis supplied.)