**Ex parte Lloyd Francis PENNELL.**

**No. 64228**

Court of Criminal Appeals of Texas,
Panel No. 1.

July 16, 1980.

Rehearing Denied Oct. 22, 1980.

Will Gray, Houston, court appointed on appeal, for appellant.

John B. Holmes, Jr., Dist. Atty., and Joan Fisher, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and DALLY, JJ.

OPINION

ONION, Presiding Judge.

This is an appeal from an order entered in habeas corpus proceedings in the County Criminal Court at Law No. 8 of Harris County denying relief.

The thrust of appellant's habeas corpus application is that he was convicted in district court of the felony offense of driving a motor vehicle upon a public highway while intoxicated, that the imposition of the sentence was suspended and he was placed on probation under Article 42.12, Sec. 3, V.A.C. C.P., but that the Texas Department of Public Safety erroneously viewed the conviction as a "final conviction" and suspended his driver's license subjecting him to prosecution for driving while license suspended and other collateral consequences. After the habeas corpus hearing the judge of the County Criminal Court at Law No. 8 of Harris County found the appellant had been "finally" convicted of the felony offense and that appellant's driving privileges had been properly suspended. Relief requested that appellant's felony conviction was not final and the suspension of his driver's license was improper–was denied.

The record reflects that on January 25, 1979, the appellant pled guilty to the felony offense of driving while intoxicated in Cause No. 288,705 in the 263rd District Court of Harris County. Punishment was assessed at 4 years imprisonment and a $100.00 fine. The imposition of the sentence was suspended and the appellant was placed on probation subject to certain conditions under Article 42.12, Sec. 3, V.A.C. C.P. In light of the nature of the offense the Department of Public Safety suspended his commercial operator's license under Article 6687, Sec. 24(a)(2), V.A.C.S. It appears that since this was appellant's fourth suspension the suspension period was set at 18 months.

On January 11, 1980, petitioner was found guilty of driving while his license was suspended (Article 6687, Sec. 24, V.A.C.S.) on January 4, 1980. The conviction oc-

curred in County Criminal Court at Law No. 9 of Harris County. His punishment was assessed at 10 days in jail and a fine of $25.00. After sentence, no appeal was taken and appellant paid his fine and served his jail time. As a result of this misdemeanor conviction the Department of Public Safety extended the then existing license suspension for 8 months to be effective January 27, 1981.

On February 28, 1980, appellant filed his aforesaid habeas corpus application in County Criminal Court No. 8 of Harris County contending his felony conviction for DWI was not a final conviction and the suspension of his operator's license as a result thereof was improper.[1] Denying relief the judge of said court expressly passed on the question presented. Notice of appeal was given.

In oral argument before this Court, the State readily and the appellant reluctantly admitted in response to questioning from the bench that this was a test case to determine whether a felony conviction for driving while intoxicated wherein the defendant is placed on adult probation under Sec. 3 of Article 42.12, V.A.C.C.P., is a "final conviction" authorizing the suspension of the defendant's operator's license.

In *Ex Parte Sullivan*, 534 S.W.2d 140 (Tex.Cr.App.1976), an extradition case, this Court wrote:

"The jurisdiction of a county court or judge thereof to issue a writ of habeas corpus is limited by the Constitution of Texas to cases where the offense charged is within the jurisdiction of the county court or any court or tribunal inferior to said county court. Article V, Sec. 16, Constitution of Texas. See *Ex parte Manzella*, 443 S.W.2d 260 (Tex.Cr.App. 1969); *Ex parte Bennett*, 442 S.W.2d 373 (Tex.Cr.App.1969)."

We conclude that the question of whether a felony conviction for driving while intoxicated, wherein the defendant has been granted probation under Article 42.12, Sec. 3, supra, is a final conviction, is beyond the habeas corpus jurisdiction of the County Criminal Court at Law No. 8 of Harris County. The court having no jurisdiction properly denied relief although its reasoning was otherwise.

The judgment is affirmed.

Before the court en banc.

## ON APPELLANT'S MOTION FOR LEAVE TO FILE A MOTION FOR REHEARING

ONION, Presiding Judge, concurring.

I concur in the overruling of the appellant's motion for leave to file a motion for rehearing. I write only because of the dissenting opinion now advanced.

The instant case was disposed of by unanimous panel opinion in which the writer of the current dissenting opinion joined. Now the court en banc, after further consideration, has denied the motion to leave for file a motion for rehearing. The very thrust of appellant's habeas corpus application in County Criminal Court No. 8 of Harris County was that his felony conviction for driving while intoxicated in the 263rd District Court for which he was placed on probation was being used as an erroneous basis by the Department of Public Safety as a "final conviction" for suspending his driver's license. He contended he had already been improperly convicted of the misdemeanor offense of driving while license suspended in County Criminal Court No. 9 for which he had served jail time and paid a fine as a result of such "final conviction." He sought to have the county court set aside the source of his problems with law enforcement personnel and to declare that a felony conviction for driving while intoxicated in which probation is granted is not a "final conviction" for purposes of suspending one's driver's license. The habeas county court so viewed his contention concerning the felony conviction and denied relief.

1. Article 6687b, Sec. 25(c), V.A.C.S. provides:
"(c) For the purpose of this Act, the term 'conviction' shall mean a final conviction. Also, for the purpose of this Act a forfeiture of bail or collateral deposited to secure defendant's appearance in court, which forfeiture has not been vacated, shall be equivalent to a conviction."

It is obvious that the dissent misreads the purpose of habeas corpus relief sought by appellant.

*Miracle v. State*, 604 S.W.2d 120 (Tex.Cr. App.1980), cited by the dissent, is no closer in point than from here to the midnight sun. The members of the bench and bar are invited to read both opinions and make their own observations. The citation of *Miracle* is an attempt to belittle this court and convince the casual reader that this writer has recently written on subject matter twice with different results, which is not true.

The instant appeal was properly disposed of by the panel opinion.

ROBERTS, Judge, dissenting.

The court refuses to grant rehearing en banc. The appellant has persuaded me that we were wrong in affirming the denial of relief.

The panel held that the county court at law had no jurisdiction to decide the question presented in this case. The panel relied on a quotation from *Ex parte Sullivan*, 534 S.W.2d 140, 141 (Tex.Cr.App.1976), which in turn tracks the language of our Constitution:

"The jurisdiction of a county court or judge thereof to issue a writ of habeas corpus is limited by the Constitution of Texas to cases where the offense charged is within the jurisdiction of the county court or any court or tribunal inferior to said county court. Article V, Sec. 16, Constitution of Texas."

Sullivan had gotten habeas corpus relief in a county court from a warrant of extradition to Arizona, where he was charged with a felony. That decision was correct, for the only "offense charged" was a felony, and county courts do not have jurisdiction of felonies.

Based on *Ex parte Sullivan*, the panel opinion held that "the question of whether a felony conviction for driving while intoxicated, wherein the defendant has been granted probation under Article 42.12, Sec. 3, [Texas Code of Criminal Procedure] is a final conviction, is beyond the habeas cor-

pus jurisdiction" of the county court at law. This does not follow from *Ex parte Sullivan* or from Article V, Section 16, of the Constitution.

Here the offense charged, from which habeas corpus relief has been sought, is driving while license suspended–a misdemeanor of which the county court at law has jurisdiction. The county court was not asked to take jurisdiction of a felony charge or to give relief from a felony judgment. It was asked to grant relief from a misdemeanor charge, and in the course of so doing, to consider the legal effect of a felony judgment (*i.e.*, whether the license had been suspended properly).

The purpose of the petition cannot be misread:

"Petitioner prays that the Court grant and issue a writ of habeas corpus and after service and return thereon conduct an evidentiary hearing which may be necessary and that Applicant be ordered discharged from all illegal restraint *resulting from the unlawful Driving While License Suspended conviction.*" Petition at R. 4 (emphasis supplied).

The appellant was asking the court to hold that a conviction may not be had for Driving While License Suspended if the license was suspended improperly because of a DWI probation. The county court at law was asked only to grant relief from the misdemeanor conviction, and it had jurisdiction to do so. Although the applicant could have filed attacks on the DWI conviction of which the county court at law would have had no jurisdiction, the fact is that he did not. His "thrust" may have been directed at the effect of the DWI conviction, but he did not ask the court to "set aside the source of his problems." He only asked it to set aside the misdemeanor charge, as it was empowered to do. His claim may or may not have been meritorious, but the county court at law had jurisdiction of this attack on the validity of the misdemeanor charge.

Perhaps a hypothetical example will illustrate the concept that a court may consider the effect of a judgment over which it has

no jurisdiction. Suppose that Pennell moved to another state and applied for a driver's license. Suppose that the driver's license bureau of that state refused to issue a license because of a statute which read, "No driver's license shall issue to a person who has been convicted finally of driving while intoxicated." Suppose that Pennell then brought an equitable action in the chancery court (which has no criminal jurisdiction) to compel the driver's license bureau to issue him a license. Suppose he argued, as he does here, that he has not "been convicted finally" of DWI in Texas because he was granted probation. Although the chancery court of the other state, like our county court at law, would have no jurisdiction of Pennell's felony DWI case it would have jurisdiction to consider the effect of the judgment in that case. The chancery court, like our county court at law, would have no jurisdiction to relieve Pennell from the judgment in the felony DWI case—but it would not have needed that jurisdiction, for it would not have been asked in any way to alter that judgment.

Courts regularly assess the effect of a judgment from another court in cases of which they have no jurisdiction. Enhancement cases are an example. Suppose a defendant is charged in the county court with a Class B misdemeanor and the information alleges that he has been convicted previously of a felony. See Texas Penal Code, Section 12.43(b). The defendant contends that the prior conviction is not final. The county court would have jurisdiction of the question, for it is being asked to consider the effect of the felony case, not to take jurisdiction of the felony case.

For another example see *Miracle v. State*, 604 S.W.2d 120 (Tex.Cr.App.1980) (Onion, P. J.), in which the court felt free to construe the judgment in *Miracle v. Estelle*, 592 F.2d 1269 (5th Cir. 1979), over which it had no jurisdiction.

The county court had jurisdiction of the merits and we should consider them on appeal.

ODOM, PHILLIPS and CLINTON, JJ., join in this opinion.