BILL CROUCH V. THE STATE.

No. 19871. Delivered November 2, 1938.
Rehearing Denied February 1, 1939.

The opinion states the case.

*J. Mitch Johnson,* of San Saba, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor in a dry area for the purpose of sale; the punishment, a fine of $100.

Operating under a search warrant, officers searched appellant's private residence and found therein seven 1/2 pints of whisky. Appellant was present at the time the search was made.

Appellant did not testify and introduced no witnesses.

It is appellant's first contention that the affidavit and search warrant fail to allege that the house to be searched was occupied by the appellant. We find the following allegation in the affidavit and search warrant:

"1st: That in and upon certain premises in Justice Precinct

No. 1 in the aforesaid County and State and more particularly described as follows, to-wit:

"(a) 1 acre of land & improvements thereon in the NW part of Richland Springs, Tex., part of E. Hargemann Survey No. 281, where Bill Crouch lives & his home on the 29 day of Oct. A. D. 1937, and before the making and filing of this affidavit Bill Crouch, who is in possession of said premises, and in violation of the liquor laws of the State of Texas, did then and there (and is now) using such premises as a place at which to manufacture and possess for the purpose of sale spirituous, vinous and malt liquors capable of producing intoxication; that spirituous, vinous and malt liquors capable of producing intoxication are now possessed and kept on said premises for the purpose of sale; that spirituous, vinous and malt liquors are now manufactured on said premises; and that there are certain containers, utensils, implements, and instrumentalities located on said premises used and to be used in the manufacture, possession for sale and transportation of spirituous, vinous and malt liquors in violation of the laws of the State of Texas."

We think the foregoing statements sufficiently allege that appellant occupied the premises described in the affidavit and search warrant.

Appellant complains of the fact that the search warrant was introduced in evidence. No bill of exception complaining of the matter is brought forward. Under the circumstances, we are unable to review the action of the trial court.

It appears that the search warrant was issued by H. Clyde Smith, Justice of the Peace of Precinct No. 1, San Saba County, Texas, before whom the affidavit for such warrant was made. The premises of appellant were located in Justice Precinct No. 2. It is appellant's position that the magistrate was not warranted in issuing a warrant for the search of premises not located in his precinct. Art. 33, C. C. P., states who are magistrates, and, among others, enumerates justices of the peace. The jurisdiction of a justice of the peace, acting as a magistrate, is co-extensive with the limits of his county. Hinkley v. State, 45 S. W. (2d) 581. It follows that the search warrant was valid.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Appellant attempts to present for consideration in connection with his motion for rehearing Bill of Exception No. 9 which was not found in the record which was before this court upon the original submission of the case. The bill is not brought forward in a supplemental transcript; nor is it certified to by the clerk of the court in which the trial took place. It is observed that the bill is dated February 24, 1938, in an effort to make it conform with the date of the bills of exception found in the transcript. Art. 760, C. C. P. provides that bills of exception must be filed in the trial court within thirty days after adjournment. In the present instance, no reason is given for the failure to file the bill of exception within the prescribed time. Under the circumstances, the bill cannot be considered by this court.

Deeming the proper disposition of the appeal to have been made in the original opinion, the motion for rehearing is overruled.