## GEORGE LEBERMAN V. THE STATE.

No. 21053.   Delivered May 8, 1940.

The opinion states the case.

*L. C. Counts,* of Olney, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from the County Court of Young County in which a fine of $25.00 was assessed on a charge of violating the parking law. (Vernon's Ann. P. C. Art. 827 a, Sec. 10).

Appellant is a constable of the Olney precinct and during 1939 was strongly solicited to become a candidate for sheriff. Arch Talley, a deputy sheriff, was ambitious for the honor. He seems also to have been stationed at Olney and much of the record consists of written motions and pleas setting forth these facts.

Simplified, the story is that the appellant's car became stopped on the highway about a mile out of town at a late hour in the night. He was accompanied by a woman who had attended a dance where appellant had gone for the purpose of keeping peace. As an accommodation to her and her family, who desired to leave earlier, he was furnishing transportation to her home.

The evidence given by appellant is irreconcilably in conflict with that given by Talley but the fact is without dispute that the car was parked on the pavement and Talley, hearing about it, arrested appellant and brought him to town, filing charges in the Justice Court. The woman was also charged with being drunk and upon trial was acquitted.

Appellant was placed on trial in the Justice Court, to which a large crowd came, and the Justice of the Peace was forced to abandon his usual quarters and seek a more commodious court room. Indications are that the crowd was interested in the outcome, for and against, and, as usual, a hung jury resulted. The court excused the jury without the consent of appellant and after only a short deliberation. On this there is also conflict in the testimony.

Sometime after the jury was excused the court marked on his docket, "9-22-39, hung jury, to be tried at Graham." There is also evidence of other docket entries and it is not clear whether these were made at the time the jury was discharged or at a later date.

It appears from the record that no order was entered dismissing the case and that it still stands on the docket of the Justice Court as filed. Art. 577, C. C. P.; Malley v. State, 69 S. W. (2d) 765. Another case was subsequently filed in the County Court on the same charge. Upon trial appellant was convicted and given a fine of $25.00.

The Justice Court had concurrent jurisdiction with the County Court, for which reason the case was improperly filed in the County Court, C. C. P., Art. 64. This being true, no question presented in the appeal will be further considered for the reason that they will not probably arise upon a trial in Justice Court, should one be had.

The case is reversed and ordered dismissed.