**Ex parte Raymond Earl SHEPPARD.**

**No. 54470.**

Court of Criminal Appeals of Texas.

March 23, 1977.

James P. Finstrom and Larry Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., Jerome L. Croston, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an application for writ of habeas corpus filed originally in this Court. For the reasons stated, the writ will be granted and the petitioner ordered released.

On June 30, 1970, a jury convicted petitioner of possession of dangerous drugs in Cause No. CCr–70–1419–b in County Criminal Court No. 2 of Dallas County. The jury then assessed petitioner's punishment at two years in jail and a fine of three thousand dollars; this was the maximum punishment for a first offender. Art. 726d, Sec. 15, V.A.P.C. (1925). Petitioner was then committed to the Dallas County jail, where he discharged his entire two-year sentence in 664 days with the assistance of the "good time" provisions of Art. 5118a, V.A.C.S. The date of petitioner's release was May 1, 1972.

Petitioner then made an agreement with the court to pay his fine in weekly installments of fifteen dollars. Later, this agreement was altered to allow monthly install-ments of sixty dollars. As the State concedes, petitioner "has been paying on his fine since his release from the jail, and the balance due has been reduced to less than $800.00."

However, on several occasions since petitioner was originally released from the Dallas County jail, he has been returned to jail, ostensibly for his failure to make his fine payments in this case in a timely manner. The total time of this additional confinement, which appeared to have ended on June 4, 1975, was 165 days.[1]

Subsequently, petitioner was again placed in jail as a result of his conviction and punishment in this case. On January 3, 1977, his application for a writ of habeas corpus, filed in the 194th District Court of Dallas County, was granted, and he was ordered discharged from all further confinement in this case.

However, on February 17, 1977, appellant was again arrested and confined in the Dallas County jail as a result of this conviction. He again filed a petition in the 194th District Court requesting not only that habeas corpus relief be granted, but also that the judge of County Criminal Court No. 2 be prohibited "from arresting or interfering in any way with the liberty of" petitioner. The District Court denied petitioner's application for a writ of habeas corpus and a writ of prohibition.

Petitioner then filed his "APPLICATION FOR WRIT OF HABEAS CORPUS" in this Court. We granted leave to file the application, set the case for submission, and set bail. Present for our consideration are two issues: Is petitioner entitled to the relief he seeks, and, if so, is this original habeas corpus petition the proper method for seeking relief?

Petitioner has consistently relied upon Article 43.03(c), Vernon's Ann.C.C.P., as amended, effective January 1, 1974. It provides:

> "If a defendant is sentenced both to imprisonment and to pay a fine or costs

---

1. Taken together with petitioner's original period of confinement, this represents a total con-finement period of approximately two years and three months.

or both, and he defaults in payment of either, a term of imprisonment for the default, when combined with the term of imprisonment already assessed, may not exceed the maximum term of imprisonment authorized for the offense for which defendant was sentenced."

 The State concedes that petitioner has been confined for a period longer than the maximum possible punishment for the offense of possession of dangerous drugs. In such a case the mandate of Art. 43.03(c) is unequivocal: The petitioner may not be subjected to further confinement.[2]

Clearly, petitioner is entitled to the relief he seeks. The only remaining question is whether this Court should exercise its original habeas corpus jurisdiction in order to grant this relief.

It cannot be questioned that the Court of Criminal Appeals has the power to issue writs of habeas corpus filed originally in this Court. Art. V, Sec. 5, Vernon's Ann.Tex.Const.; Art. 11.05, Vernon's Ann. C.C.P.; *Ex parte Lynn,* 19 Tex.App. 120 (1885); *Ex parte Cvengros,* 384 S.W.2d 881 (Tex.Cr.App.1964). But it is well established that this power is rarely exercised, and only in the discretion of the Court. *Ex parte Lynn,* supra; *Ex Parte Young,* 418 S.W.2d 824, 827 (Tex.Cr.App.1967), and cases there cited.

Even though *Ex parte Young,* supra, involved a felony conviction, it contains language applicable to this case. There this Court stated:

"Where the applicant is entitled to a writ or hearing on his petition and is denied such right, the Court of Criminal Appeals may hear the petition as an original proceeding."

See also *Ex parte Fitzpatrick,* 167 Tex.Cr.R. 376, 320 S.W.2d 683 (1959). We believe the case before us is just such a case: Petitioner has been unlawfully incarcerated. He has petitioned the District Court for habeas corpus relief, and has been granted relief.

Nonetheless, he has subsequently been incarcerated by the County Criminal Court in direct violation of the District Court's valid order. Then, in the face of this violation, the District Court has refused the further relief to which the petitioner was entitled.

From this it is clear that in turning to this Court for original habeas corpus relief petitioner is not seeking to avoid available local relief; indeed he has diligently sought such relief. Compare *Ex parte Lynn,* supra. We conclude that petitioner has properly invoked this Court's original habeas corpus jurisdiction.

Accordingly, the application for writ of habeas corpus and relief prayed for are granted. Petitioner is ordered discharged from all further incarceration in Cause No. CCr–70–1419–b.

It is so ordered.

---

2. It is not significant that the petitioner's original conviction and incarceration occurred before the effective date of the amendment to Article 43.03. See *Ex parte Scott,* 471 S.W.2d 54 (Tex.Cr.App.1971); *Ex parte Tate,* 471 S.W.2d 404 (Tex.Cr.App.1971).