**Ex parte David CLEAR.**

**No. 59288.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 1, 1978.

T. W. Proctor, Houston, for Clear.

George L. Walker, Houston, for Walker.

Joe Resweber, County Atty. and Anthony D. Sheppard, Asst. County Atty., Houston, for Thompson.

## OPINION

ROBERTS, Judge.

This is an application for a writ of habeas corpus filed originally in this Court. Relator alleges that the district court illegally assumed jurisdiction as a magistrate of a felony complaint filed against him in justice court and unlawfully raised his bond from one thousand to two thousand dollars. We agree and grant the relief requested.

### I.

On July 8, 1978, the State filed a felony complaint against the relator David Clear. The complaint alleged that relator had, by causing bodily injury, assaulted a police officer who was, at the time of the assault, in the lawful discharge of an official duty. See V.T.C.A., Penal Code, Sec. 22.02(a)(2). The complaint was filed in justice court precinct 2, position 2 of Harris County.

The complaint, along with supporting statements alleged to show probable cause, was sworn to before an assistant district attorney and presented to the Honorable Lawrence H. Wayne, who was acting as a

magistrate.[1] Judge Wayne is Justice of the Peace for precinct 1, position 2 of Harris County. On the same day the complaint was filed, a warrant was issued by Judge Wayne, who also set relator's bond at one thousand dollars. On July 10, 1978, relator was arrested under the warrant and placed in jail. Shortly after relator's arrest, a probable cause hearing was conducted by the Honorable N. O. Morrison, Justice of the Peace for precinct 3, position 2 of Harris County.[2] The record reveals without dispute that Judge Morrison and Judge Wayne were acting on behalf of the Honorable D. F. Thompson, Justice of the Peace for precinct 2, position 2, where the complaint was filed. Their actions were in accord with the broad language of Art. 2393a, Vernon's Ann.Civ.St., which provides:

"A justice may hold court for any other justice whose precinct is in the same county; and the justices of a county may exchange benches whenever they deem it expedient."

On July 11, 1978, relator executed a bail bond in the amount of one thousand dollars and was released from custody. The next day he appeared before the Honorable George L. Walker, Presiding Judge of the 185th District Court of Harris County, for a "48-hour hearing."

These 48-hour hearings were established by an order entered by the Honorable Miron A. Love, Presiding Judge of the 177th District Court of Harris County, acting as administrative judge for Harris County. See Art. 199a, Sec. 2.003, Vernon's Ann. Civ.St. The order reads as follows:

"ORDER

"BY ORDER OF THE DISTRICT JUDGES OF HARRIS COUNTY, TEXAS, TRYING CRIMINAL CASES THERE IS HEREBY CREATED A FORTY EIGHT HOUR HEARING FOR ALL FELONY CASES FILED IN HARRIS COUNTY, TEXAS WHICH FORTY EIGHT HOUR HEARINGS SHALL BE HELD IN THE DISTRICT COURTS HAVING SUCH FELONY CASES PRE-ASSIGNED TO THEM RESPECTIVELY.

"IT SHALL BE THE DUTY OF THE CLERK TO FILE AND DOCKET CASES INTO THE DISTRICT COURTS ASSUMING JURISDICTION TO REVIEW AND SET BONDS AND APPOINT ATTORNEYS IN FELONY CASE COMPLAINTS ASSIGNED TO THEM, AND TO RECORD, ENTER, AND FILE ALL PROCESS APERTAINING TO SAID CASES.

"IT SHALL FURTHER BE THE DUTY OF THE CLERK TO ENTER ALL SUCH TRANSACTIONS IN REGARD TO THE ABOVE MENTIONED CASES INTO THE JUSTICE INFORMATION MANAGEMENT SYSTEM AND TO MAKE SUCH OTHER ENTRIES, EITHER AUTOMATED OR MANUAL, AS MAY BE NECESSARY TO RECORD PROCEEDINGS HAD AT THE FORTY EIGHT HOUR HEARINGS.

"THIS ORDER TO BE EFFECTIVE Aug 15, 1977.

"DONE AND ENTERED THIS THE 10TH DAY OF AUGUST 1977.

/s/ Miron A. Love
"MIRON A. LOVE
ADMINISTRATIVE JUDGE
HARRIS COUNTY, TEXAS"

See also *Gerstein v. Pugh,* supra (note 2); *Alberti v. Sheriff of Harris County,* supra (note 2).

As can be seen, the principal stated purpose of the hearing is "to review and set bonds and appoint attorneys in felony case complaints." It appears from the record that the hearing is also used to determine whether the accused is willing to waive his right to proceed by indictment. Finally, it appears that the hearing is used by the judge to make a *general* inquiry about the

---

1. See Arts. 2.09, 2.10, Vernon's Ann. C.C.P.

2. See *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975); *Alberti v. Sheriff of Harris County,* 406 F.Supp. 649 (S.D.Tex.1975); and see Art. 2.11, Vernon's Ann. C.C.P.

representation of the accused by counsel. In those cases where the accused is not indigent, he is admonished to retain counsel within a very short time after the hearing.

When relator appeared for his 48-hour hearing on July 12, 1978, Judge Walker ordered that the hearing be recessed until the following morning and instructed relator to return at that time accompanied by retained counsel.

On July 13, 1978, relator appeared without counsel at the recessed hearing. According to his sworn statement filed in this Court, relator had attempted to get in touch with an attorney he wanted to employ, but he had been unsuccessful in doing so. However, there is some dispute whether he made this fact known to Judge Walker on July 13th. The record reflects that Judge Walker's perception was that relator was not "earnestly seeking to employ counsel," but that "instead, he made light of the court's admonition on the importance of retaining counsel or establishing the need of appointment of counsel."

Judge Walker decided that relator was likewise insufficiently concerned about the seriousness of being charged with a felony offense. Because of this perceived lack of concern about counsel and the charges against him, relator was deemed by Judge Walker unlikely to appear in court when required to do so. And, since relator did not indicate at the hearing "that he was not able to employ counsel or to make a higher bond," Judge Walker revoked the thousand-dollar bond and increased relator's bail to two thousand dollars. Relator was then taken into custody, from which he was released after posting a two-thousand-dollar bail bond.

At some time on July 13, 1978 (the day of this last hearing) Judge Walker entered the following order:

"NO. 282111

| | | |
|---|---|---|
| THE STATE OF TEXAS | : | IN THE 185TH DISTRICT |
| V. | : | COURT OF HARRIS COUNTY, |
| DAVID CLEAR | : | TEXAS, MAY TERM, A.D. 1978 |

"I, George L. Walker, Judge of the 185th District Court of Harris County, Texas, hereby assume jurisdiction of the above-numbered and styled pre-assigned felony complaint case and hereby direct the District Clerk to issue appropriate process for the confinement of the defendant on the bond revocation ordered by this Court on this date.

"Signed this the 13th day of July, A. D. 1978.

/s/ George L. Walker

"George L. Walker, Judge
185th District Court
Harris County, Texas"

Subsequently, relator filed in this Court his application for a writ of habeas corpus, writ of mandamus, and writ of prohibition. In his application he contended: (1) that the increased bond imposed at the July 13th hearing constituted an illegal confinement, from which he should be relieved by means of habeas corpus; (2) that this Court should, by means of mandamus, order that he be given an examining trial in Justice Court, precinct 2, position 2, where the complaint against him was originally filed;[3] and (3) that Judge Walker "and all other Harris County Criminal District Judges [be prohibited] from interfering with the preindictment jurisdiction of the Justice Courts of Harris County."

We concluded that relator's application should be treated as an original application for writ of habeas corpus and ordered that

**3.** Judge Thompson, Justice of the Peace for precinct 2, position 2, has refused to accord relator an examining trial because of Judge

Walker's assumption of jurisdiction over the case on July 13th.

the case be filed and set for submission and oral argument. Responses by the named parties were encouraged, as were amicus curiae briefs on behalf of certain named individuals and organizations. Finally, we ordered that all lower court proceedings arising out of this case be stayed pending our disposition of relator's writ.

## II.

Article 2.09, Vernon's Ann. C.C.P., provides:

"Each of the following officers is a magistrate within the meaning of this Code: The judges of the Supreme Court, the judges of the Court of Criminal Appeals, *the judges of the District Court,* the county judges, the judges of the county courts at law, judges of the county criminal courts, *the justices of the peace,* the mayors and recorders and the judges of the city courts of incorporated cities or towns." (Emphasis added).

In *Kerry v. State,* 17 Tex.App. 178, 181 [Tyler Term, 1884], Presiding Judge White commenced his opinion for the court with the following language:

"A justice of the peace is a 'magistrate.' (Code Crim. Proc., art. 42.) When a justice sits for the purpose of inquiring into a criminal accusation against any person, he sits not as a justice of the peace but as a magistrate, and the court which he then holds is not a justice's but 'an examining court.' (Code Crim. Proc., art. 63.) When holding such a court, his functions as a magistrate are the same as those of the judges of the county, district, supreme, or court of appeals, when they sit as magistrates to hold an examining trial. The same rules govern each. (*Hart v. The State,* 15 Texas Ct.App., 202.)"

This language from the *Kerry* opinion was quoted with approval in *O'Quinn v. State,* 462 S.W.2d 583, 587 (Tex.Cr.App.1970),

where it was also stated that " 'magistrate' has come to connote one having duties which are judicial in nature." And it is clear that when a justice of the peace acts as a magistrate, his jurisdiction is coextensive with the limits of the county. *E. g., Hinkley v. State,* 119 Tex.Cr.R. 254, 45 S.W.2d 581 (1931); *Crouch v. State,* 136 Tex.Cr.R. 162, 123 S.W.2d 904 (1938); *Gilbert v. State,* 493 S.W.2d 783 (Tex.Cr.App. 1973).

■ It follows that all the magistrates of a given county have co-equal jurisdiction; indeed, this appears to be nothing less than the plain import of the statute. More specifically, we hold that a justice of the peace acting as a magistrate has jurisdiction concurrent with that of a district judge who also seeks to exercise magisterial powers.

Article 4.16 of our Code of Criminal Procedure provides:

"When two or more courts have concurrent jurisdiction of any criminal offense, the court in which an indictment or a complaint shall first be filed shall retain jurisdiction except as provided in Article 4.12." [4]

As far as this statute is concerned, a criminal "offense" is the equivalent of a criminal "case," which this Court has defined to be "an action, suit, or cause instituted to secure a conviction and punishment for crime, or to punish an infraction of the criminal law." *White v. State,* 543 S.W.2d 366, 368 (Tex.Cr.App.1976); *Ex parte Wolters,* 64 Tex.Cr.R. 238, 144 S.W. 531, 588 (1912). See also *Taylor v. Goodrich,* 25 Tex.Civ.App. 109, 40 S.W. 515, 524 (1897).

The complaint filed against relator on July 8th was the initial step of an action instituted to secure his conviction and punishment for the crime of aggravated assault and hence constituted a criminal offense. See V.T.C.A., Penal Code, Section 22.-02(a)(2). And, since the justice court and the district court had concurrent jurisdic-

---

4. Article 4.12 deals with certain misdemeanor cases to be tried in justice court and thus is not here applicable.

tion over relator's case as magistrates, it is clear that the rule of Article 4.16 applies.[5]

■ The record reflects that the aggravated assault case against relator was first filed in Judge Thompson's Justice of the Peace Court, precinct 2, position 2.[6] That court, with Judge Wayne sitting for Judge Thompson, obtained jurisdiction over the subject matter of the complaint and later, with Judge Morrison sitting, over the person of relator.[7] At that point the Justice Court for precinct 2, position 2, possessed *sole jurisdiction over this complaint* against relator, to the exclusion of all other courts, until the time that the complaint was either dismissed by the court[8] or superseded by the action of the grand jury,[9] or until the time that the requirements of Article 1.141 of the Code of Criminal Procedure had been met. It follows that Judge Walker exceeded his authority by usurping the lawful jurisdiction of the justice court.[10]

### III.

■ Nor can it be argued that the District Judge's actions were authorized under the "inherent powers" doctrine of Article V, Section 8 of the Texas Constitution, which gives district courts "general original jurisdiction over all causes of action whatever *for which* a remedy or *jurisdiction is not provided by law* or this Constitution . . ."

(Emphasis added.) By enacting Articles 2.09 and 4.16 of the Code of Criminal Procedure, the Legislature "provided by law" a limitation on the "inherent powers" of the district courts, and that limitation applies to the case before us.

### IV.

■ Relator is clearly entitled to habeas corpus relief. We have held that one may be "in custody" for habeas corpus purposes even though he is out of jail on bond or his own personal bond. *Ex parte Trillo*, 540 S.W.2d 728 (Tex.Cr.App.1976), and authorities there cited. In such a case the issue is whether the relator has been subjected to restraints on his liberty not shared by the public generally. See *Hensley v. Municipal Court*, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973), cited with approval in *Ex parte Trillo, supra.* And see *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

In the present case, relator was free on a one-thousand-dollar bail bond when the District Judge improperly assumed authority over his case. Judge Walker then revoked that bond and set relator's bail at an amount exactly double that of the original amount. Relator once again secured his release on bond. Yet it cannot be denied that in doing so relator was subjected to

---

5. It is not significant that Judge Thompson and Judge Walker preside over courts of different general criminal jurisdiction. In *Leberman v. State*, 139 Tex.Cr.R. 243, 139 S.W.2d 813 (1940), we held that the predecessor statute of Article 4.16 precluded a county court from preempting the earlier-acquired jurisdiction of the justice court in a case where both had jurisdiction.

6. It is alleged in one of the amicus curiae briefs that the complaint was filed *simultaneously* in the justice court and in the 185th District Court. The record does not so reflect. However, we observe that Article 4.16 is concerned primarily with jurisdiction over the person (rather than subject matter jurisdiction). *Ex parte Lohse*, 157 Tex.Cr.R. 488, 250 S.W.2d 215, 217 (1952) (opinion on motion for rehearing); *Bragg v. State*, 109 Tex.Cr.R. 632, 6 S.W.2d 365, 366 (1928). Thus, jurisdiction attached to the justice court when relator appeared first before that court. See *Cordway v. State*, 25 Tex.App. 405, 8 S.W. 670, 672 (1888).

Of course, it is well settled that two courts may not exercise criminal jurisdiction at the same time, even though they share concurrent jurisdiction. *Clepper v. State*, 4 Tex. 242 (1849); *Ringer v. State*, 135 Tex.Cr.R. 573, 121 S.W.2d 364 (1938).

7. See Art. 2393a, supra.

8. See *Epps v. State*, 130 Tex.Cr.R. 398, 94 S.W.2d 441 (1936); *Flores v. State*, 487 S.W.2d 122 (Tex.Cr.App.1972).

9. See *Baskins v. State*, 75 Tex.Cr.R. 537, 171 S.W. 723 (1914).

10. It also follows, and we hold, that if the complaint had first been filed in the district court, and the case had proceeded in that court as it did in the justice court, the district court would have possessed exclusive jurisdiction of relator's case.

significant restraints on his liberty, as well as his property.[11] Moreover, he had indicated his desire for an examining trial, which the Justice of the Peace stands ready to afford him but for the fact of jurisdictional pre-emption effectuated by the District Court. Compare *Hensley v. Municipal Court,* supra.

## V.

■ The remaining question is whether this Court should exercise its original habeas corpus jurisdiction to grant the relief to which appellant is entitled. See Art. V, Sec. 5, Vernon's Ann.Tex.Const.; Art. 11.05, Vernon's Ann. C.C.P.; *Ex parte Sheppard,* 548 S.W.2d 414 (Tex.Cr.App.1978). In this case, as in *Sheppard,* we are confronted with a jurisdictional conflict between two lower trial courts. The dispute is one "regarding criminal law matters." Art. V, Sec. 5, Vernon's Ann.Tex.Const., supra. Clearly, the issue cannot be settled on a subsequent appeal. *Ex parte Lohse,* supra (note 6); and see *Ex parte Trillo,* supra. We conclude, as we did in *Sheppard,* that the exercise of our original jurisdiction is justified.[12]

Accordingly, the writ is granted. Relator's two-thousand-dollar bond is set aside and his one-thousand-dollar bond is ordered reinstated. All acts of the District Court which purported to be an exercise of jurisdiction over relator's case are ordered vacated. Jurisdiction of the case is hereby vested in Justice Court, precinct 2, position 2.

ODOM, Judge, concurring.

I concur in the disposition of petitioner's application for writ of habeas corpus and in the relief granted to the extent that the district court's exercise of magisterial powers in petitioner's case is declared void and the exercise of magisterial powers in that case by the Justice Court, Precinct 2, Position 2, is upheld. The majority, however, go too far in the scope of jurisdictional issues discussed. At issue in this case are the conflicting assertions of jurisdiction as *magistrates* by the district court and the justice court. The jurisdiction of the district court to try the case is not at issue and need not be discussed. Therefore, I do not join that part of the majority opinion that attempts to describe the exclusive means by which a case first filed by a complaint in justice court can be brought to trial. Inasmuch as that discussion is dictum, it should not be relied on for attacks on trial court jurisdiction in cases that may have reached trial by some path other than those described by the majority.

DOUGLAS, J., joins.

VOLLERS, Judge, concurring.

I concur in the opinion of the Court except for paragraph III. I agree that the legislature has "provided by law" a limitation upon the "inherent powers" of the district courts by enacting Articles 2.09 and 4.16 of the Code of Criminal Procedure, but that limitation applies in the case before us only to the exercise of the powers of a *magistrate.* Since the petitioner's complaint as to custody does not result from the district court calling the petitioner before it to determine whether or not he wished to waive indictment, but only resulted from the district court's exercise of jurisdiction over this cause as a magistrate, we are not called upon to rule on the issue of whether or not the district judge has inherent powers under Article 5, Section 8 of the Texas Constitution which enables him to call the accused before the court to determine whether or not he wishes to waive an indictment. Since this matter is not presented to us for review in this case, I think that we should make it clear that we are not deciding the issue.

---

11. See Art. I, Sec. 19, Vernon's Ann.Tex.Const.; U.S.Const., Amends. V, XIV.

12. As we have noted before, our original habeas corpus jurisdiction is rarely exercised, and then only in the discretion of the Court. *Ex parte Sheppard,* supra, at 416.