

# The Attorney General of Texas

December 31, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Steve W. Simmons
District Attorney
El Paso, Culberson, Hudspeth Counties
303 City-County Building
El Paso, Texas    79901

Opinion No. MW-581

Re:  Jurisdiction of county
courts at law to consider
applications for Writs of
Habeas Corpus in felony
cases, and related matters

Dear Mr. Simmons:

You ask two questions.  First, you ask about the jurisdiction of a county court at law to consider an application for writ of habeas corpus where the underlying offense is a felony.  Second, you ask whether a county court at law judge, sitting as a magistrate, has jurisdiction to review the amount of bail previously set by a justice of the peace acting as a magistrate, or to review a finding regarding probable cause previously made by a justice of the peace sitting as a magistrate.

By way of illustration, you relate that a justice of the peace, acting in his capacity as a magistrate, issued a felony warrant pursuant to a complaint filed in his court.  He also set bail.  Following the arrest of the accused, an application for writ of habeas corpus was filed by the accused in the county court at law.  You question whether the county court at law could properly assume jurisdiction of such a petitioner's application for writ of habeas corpus.  You also question the power of judges of county courts at law, sitting as magistrates, to review or modify the orders of other magistrates.

When county court at law judges sit in an ordinary judicial capacity there can be no question about their lack of authority to issue writs of habeas corpus in felony cases.  County courts at law are essentially constitutional county courts with limited jurisdiction, Texas Pipe Line Company v. Hunt, 228 S.W.2d 151, 153 (Tex. 1950), and such courts in El Paso have no jurisdiction of felony offenses.  V.T.C.S., arts.  1970-128,  1970-141.1,  1970-141.2, 1970-141.3,  1970-141.4.   Article  V,  section  16  of  the  Texas Constitution, as amended September 1, 1981, reads in pertinent part:

> The County Court shall have original
> jurisdiction of all misdemeanors of which
> exclusive original jurisdiction is not given to
> the Justices Court.... They shall have appellate
> jurisdiction in cases civil and criminal of which
> Justices Courts have original jurisdiction.... In
> all appeals from Justices Courts there shall be a
> trial de novo in the County Court.... [t]he County
> Court, or judge thereof, shall have power to issue
> writs of injunctions, mandamus and all writs
> necessary to the enforcement of the jurisdiction
> of said Court, and to issue writs of habeas corpus
> in cases where the offense charged is within the
> jurisdiction of the County Court, or any other
> Court or tribunal inferior to said Court....
> (Emphasis added).

The county courts at law of El Paso County have no jurisdiction to consider an application for writ of habeas corpus where the underlying offense is a felony. See Ex parte Sullivan, 534 S.W.2d 140 (Tex. Crim. App. 1976).

The jurisdiction of county court at law judges sitting as magistrates is another matter. Article 2.09 of the Code of Criminal Procedure provides:

> Each of the following officers is a magistrate
> within the meaning of this Code: The justices of
> the Supreme Court, the judges of the Court of
> Criminal Appeals, the justices of the Courts of
> Appeals, the judges of the District Court, the
> county judges, the judges of the county courts at
> law, judges of the county criminal courts, the
> justices of the peace, the mayors and recorders
> and the judges of the municipal courts of
> incorporated cities or towns. (Emphasis added).

The jurisdiction of a magistrate is not determined by the jurisdiction of the court upon which he ordinarily sits. All the magistrates of a given county have co-equal jurisdiction as magistrates and their functions as magistrates are the same whether they ordinarily sit as justices of the peace or as justices of the supreme court of the state. Ex parte Clear, 573 S.W.2d 224, 228 (Tex. Crim. App. 1978).

In Ex parte Clear, supra, the Court of Criminal Appeals decided that a criminal "offense" is the equivalent of a criminal "case" for purposes of section 4.16 of the Code of Criminal Procedure, which provides that the court in which a criminal complaint is first filed shall retain jurisdiction of it when two or more courts have

concurrent jurisdiction of the offense.  Although neither the justice court nor the county court at law, sitting as trial courts, have jurisdiction of felony cases, they have concurrent jurisdiction as magistrates over such cases prior to indictment; the Court of Criminal Appeals held in Clear that section 4.16 is applicable to such situations.  Clear, supra at 229.

Applying that provision to the illustration given above, when the justice of the peace, acting in his capacity as a magistrate, obtained jurisdiction over the subject matter of the complaint and over the accused himself, sole jurisdiction over the complaint attached.  Until such time as the complaint might be dismissed by the justice sitting as a magistrate, or superseded by the action of the grand jury, or until the accused waives indictment in accordance with section 1.141 of the Code of Criminal Procedure, no other magistrate could obtain jurisdiction of the matter.  Ex parte Clear, supra.

It follows that a county court at law judge, sitting as a magistrate, does not have jurisdiction to review orders about the amount of bail or findings regarding probable cause made by another magistrate who has earlier acquired jurisdiction of the case.

### S U M M A R Y

County courts at law in El Paso County have no jurisdiction to consider applications for writs of habeas corpus when the underlying offense is a felony, nor do judges of such courts, when sitting as magistrates, have jurisdiction to review or modify either the amount of bail set or a finding of probable cause made by a justice of the peace acting as magistrate in a case over which the justice has acquired jurisdiction as a magistrate.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Jim Moellinger
Charles A. Palmer
Bruce Youngblood