Alfredo REYNOSA, et al., Relators,

v.

Hon. Scott SEGALL, Jail Magistrate, Respondent.

No. 08–89–00329–CR.

Court of Appeals of Texas, El Paso.

Nov. 7, 1989.

David C. Guaderrama, El Paso County Public Defender, El Paso, for relators.

Scott Segall, El Paso County Criminal Magistrate Court, El Paso, pro se and Joe Lucas, County Atty., and Steve W. Simmons, Dist. Atty. of El Paso County, El Paso, for respondent.

Before OSBORN, C.J., and FULLER and KOEHLER, JJ.

## OPINION

KOEHLER, Justice.

Relators are pre-indictment detainees in the El Paso County Detention Facility, seeking speedy effectuation of their rights to examining trials under Tex.Code Crim. Pro.Ann. art. 16.01 (Vernon Supp.1989). Respondent is the El Paso Criminal Magistrate functioning under authority of the El Paso Criminal Law Magistrates Act, Tex. Gov't.Code Ann. sec. 54.731 et seq. (formerly Tex.Rev.Civ.Stat.Ann. art. 1918g). Act of March 1, 1989, ch. 2, sec. 8.32, 1989 Tex.Sess.Law Serv. 153 (Vernon). Relators brought application for writ of mandamus and prohibition, seeking relief by requiring Respondent to vacate orders transferring criminal cases from municipal courts to the El Paso Criminal Law Magistrate's Court which had the effect of delaying or denying Relators the right to an early examining trial and by barring such transfer orders in the future. The application for such relief is conditionally granted.

Some of the thirty-two original causes against Relators originated with criminal complaints filed in the Magistrate's Court. Others commenced in either the El Paso municipal courts or the El Paso County justice of the peace courts. Prior to the complained of transfers, the El Paso Public Defender's Office, appointed by the Magistrate's Court to represent Relators, sought examining trials in that Court but due to the condition of its docket, the examining trials could not, in most cases, be provided in less than one month. Consequently, counsel for Relators filed motions for examining trials in the El Paso municipal courts. Apparently, the dockets of those courts were sufficiently clear to afford examining trials within ten days of request. Respondent countered by entering several orders transferring the unindicted cases to the Magistrate's Court. Of the causes against the original Relators, some have now been indicted, declined for prosecution, no-billed by the grand jury or dismissed for want of probable cause. However, a number of the municipal court transfer cases remain open.

The present conflict must be assessed in light of *Ex parte Clear*, 573 S.W.2d 224 (Tex.Crim.App.1978), an original habeas corpus action before the Court of Criminal Appeals. There, the relator was arrested under a warrant and felony complaint filed in a justice of the peace court. Shortly after arrest, a probable cause hearing was conducted by another justice of the peace, presiding for the original justice. Probable cause was found and bail was set at $1,000.00. The relator executed the bond and was released from custody. A program of "48-hour hearings" had been created in Harris County by order of the administrative judge. Under such order, all unindicted felony cases filed in Harris County were to be preassigned to a district court for review and setting of bonds and appointment of counsel. The relator appeared before a district judge for his 48-hour hearing. The judge recessed the hearing and ordered the relator to reappear the following morning with retained counsel. When relator appeared without counsel, the judge interpreted this as too casual an attitude, revoked the bond and reset bail at $2,000.00.

The Court of Criminal Appeals concluded that all magistrates, to include district and county judges, justices of the peace and municipal judges (now including the El

Paso Criminal Law Magistrate), when functioning solely as magistrates, have co-equal jurisdiction within their county. *Ex parte Clear*, 573 S.W.2d at 228. This is regardless of the level of offense allegedly involved and the comparison of such level of offense to the trial jurisdiction of the court over which the magistrate presides. Prior to indictment, the justice court and the district court could only exercise magistrate functions with regard to relator's case. Both had co-equal jurisdiction in that regard, but under Tex.Code Crim.Pro.Ann. art. 4.16, a priority of jurisdiction attached to the justice court in which the action first commenced. *Ex parte Clear*, 573 S.W.2d at 229.

In *Garber v. State*, 667 S.W.2d 611 (Tex. App.—El Paso 1984, no pet.), this Court interpreted Article 4.16 as creating a priority which could be waived, either expressly or by omission. When two "competing" courts have personal and subject matter jurisdiction over the same cause, or some element thereof, it is incumbent upon the party seeking to enforce the statutory priority to affirmatively resort to the court of priority and object to the exercise of secondary jurisdiction by the other court.

With the framework of this preexisting statutory and case law in mind, we now look at the new El Paso Criminal Law Magistrates Act to determine its effect. First, the Act invests the Respondent with the same authority as a magistrate embodied in Tex.Code Crim.Pro.Ann. art. 2.09 et seq. (Vernon 1977 and Supp.1989). Tex. Gov't.Code Ann. sec. 54.733(c). The Act provides for a broad range of options for transfer of cases, referral of cases and reassignment of judges, both before and after indictment. Nonetheless, before indictment, the only capacity in which any judge may exercise authority over unindicted alleged offenders is as a magistrate. This is true whether the case originates in the Respondent's court, whether it is transferred to his court by his own order or that of the administrative judge or whether the Respondent is reassigned to preside over the cause in the municipal court. Thus, any priority or exclusivity of jurisdiction does not arise as a result of the particular

hat the Respondent may be wearing at the time.

In this case, those causes originating in municipal court were transferred to the Respondent's court by the orders noted above, originally bearing the denomination of the 205th Judicial District Court, improperly signed by the Respondent as judge without any designation of his status as presiding for the district judge of that court. When this defect was realized, nunc pro tunc transfer orders were later signed by the Respondent as judge of the Criminal Law Magistrate's Court. Section 5A of the local rules, "adopted to implement the El Paso Criminal Law Magistrate Court [sic]," provides that "all newly filed" felony cases are to be assigned by the District Clerk to the 205th District Court and then, by blanket order, to the Magistrate Court "for arraignment, pre-trial conference, and guilty plea and sentence." This provision is inapplicable to this case in two respects. First, a reading of Local Rules 5A and 5E strongly suggests that "newly filed" felony means post-indictment. This is derived from the designated purposes for transfer, all of which are post-indictment procedures, as well as the comparative language of subsections A and E. The former refers to all newly filed felony cases in which the defendant has not posted bond. The latter is captioned "Other indicted cases" and refers to felony defendants on bond. Second, cases are only filed in the district clerk's office after indictment. Therefore, the provisions relating to Local Rule 5 transfers are not applicable to Relators' cases since the latter are pre-indictment.

Local Rule 7A allows any judge that is a member of the Council of Judges to "assign a case to the Magistrate Court for any of the functions permitted by law." This rule is inapplicable for two reasons. First, absent a proper prior transfer to the 205th District Court, which cannot be accomplished under Local Rule 5 for reasons stated above, that court has no jurisdiction to transfer to the Magistrate Court. Second, even if the 205th District Court had somehow exercised some jurisdiction over these cases, it would have been only as a

magistrate and not as a trial judge, and would not, therefore, include authority for further transfer.

Local Rule 7E is captioned "Transfers to the Magistrate Court prior to Indictment, or Information." The provisions of this rule, however, provide not for a transfer of the case to the docket of the Magistrate Court, but for the Respondent to preside for the municipal judge. That mechanism was clearly not employed in this case.

Consequently, the local rules designed to supplement the legislative act do not provide a basis for Respondent's actions in these cases. What remains is Section 54.-738 of the Government Code. This section provides that the local administrative judge or a judge of the criminal law magistrate court may transfer between courts any unindicted felony case pending in the court of any magistrate within the jurisdiction of the criminal law magistrate court; that is, any such offense "committed in El Paso County except for that portion of the county in the corporate limits of Vinton, Texas." While a case may not be transferred from or to the magistrate docket of a judge on the El Paso Council of Judges without the consent of that judge, this seemingly does not apply to municipal judges, justices of the peace and the criminal law magistrate since, by definition, the latter are not members of the Council of Judges. Tex.Gov't. Code Ann., Rules of Judicial Administration, Title 2, Subtitle F–Appendix, Rule 4 (Vernon 1989). We conclude that Section 54.738 is the only provision matching the actions taken in these cases.

Section 54.740 of the Government Code sets out the effects of such transfer. All processes, writs, bonds, recognizances or other obligations issued from the transferring court are returnable to the court to which the case is transferred. The question is, does this section effect a complete transfer to the second court, divesting the original court of any jurisdiction? The language tends in that direction but is broad enough to encompass a continuing jurisdiction in the court of origin.

If the act or its mode of application divests the municipal court or jurisdiction, as contended by Respondent, then there is a conflict within the act since Section 54.762 of the Government Code states that the act does not diminish the jurisdiction of any court named in the act. Certainly, if Section 54.740 is read to provide for a transfer of exclusive preindictment jurisdiction from the municipal and justice courts to the Magistrate Court, there has been a diminution of those courts' jurisdiction, both personal and subject matter. This is particularly true since the blanket orders by which these cases are transferred can effectively preclude any opportunity for the municipal or justice courts to exercise examining trial jurisdiction, granted to them by Tex.Code Crim.Pro.Ann. art. 2.09 and 16.01 (Vernon 1989).

The issues raised by Relators and Respondent really resolve into a question of whether the Magistrates Act has properly circumvented the result of *Ex parte Clear*. Respondent might argue that the defect in *Ex parte Clear* was the use of a local order in conflict with a legislative act. The El Paso Council of Judges may have hoped to eliminate the jurisdictional problem by resorting to legislative action, but Section 54.762 maintains the specter of *Ex parte Clear*.

Respondent relies upon Section 311.026 of the Government Code for the construction rule that courts should attempt to resolve conflict between general and special code provisions by adopting reasonable, compatible interpretations of each. That can be accomplished in this case without straining the import of the Magistrates Act.

We conclude that the transfer provisions of Section 54.731 et seq., created concurrent pre-indictment jurisdiction in the municipal courts and the El Paso Criminal Magistrate Court. Under Tex.Code Crim. Pro.Ann. art. 4.16, the court in which a complaint is first filed retains jurisdiction until indictment unless a defendant seeks a transfer to a court which is in a position to give him an earlier examining trial. While our conclusion may seem at odds with the implications of Section 54.740, those implications may be rejected in light of Sections

54.762 and 311.026. In fact, our interpretation of concurrent jurisdiction is compatible with the goals of speed and flexibility in pre-indictment criminal processing originally sought through the creation of the El Paso Criminal Law Magistrate Court. Under the ruling in *Garber*, 667 S.W.2d 611, if the respondent is able and willing to afford an accused faster service, then the accused and the municipal or justice court of original and priority jurisdiction may acquiesce, by silence or express consent, in the exercise of jurisdiction by the respondent, either by outright transfer under Section 54.-738(a) of the Government Code or by presiding for the municipal judge or justice of the peace under Local Rule 7E. If not, then the accused may file for and insist on action by the originating court, not waiving the priority established in Article 4.16. This "veto" power in the hands of an accused is hardly subject to abuse for purposes of delay, for delay simply keeps him in confinement longer, or on bond longer, but in either case brings him one day closer to the foreclosing of an examining trial by indictment.

Under our ruling, the remaining Relators having shown by their actions in the Magistrate Court and by bringing this application that they have not acquiesced in the transfers, and having in fact expressed a desire to maintain the priority of jurisdiction in the municipal courts of original filing, the orders transferring their cases from the municipal courts to the El Paso Criminal Law Magistrate's Court are voidable and are to be vacated. We are confident that the judge of the Magistrate Court will vacate his transfer orders without the necessity of action from us. Only on his failure to do so will appropriate writ be issued.