

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

June 13, 2007

The Honorable R. Lowell Thompson
Navarro County Criminal District Attorney
300 West 3rd Avenue, Suite 203
Corsicana, Texas 75110

Opinion No. GA-0551

Re: Whether a justice of the peace may continue to administer polygraph examinations, for the criminal district attorney's office, to criminal defendants subsequent to "arraignment" and setting of bail (RQ-0558-GA)

Dear Mr. Thompson:

Your predecessor in office informed us that an individual, formerly employed by the Office of the Navarro County Criminal District Attorney (the "Office") as the criminal investigator, is now Justice of the Peace for Precinct 2 in Navarro County.[1] *See* TEX. CONST. art. V, § 18(a) ("in each such [county] precinct, there shall be elected one Justice of the Peace . . . , each of whom shall hold his office for four years"). While employed by the Office, this individual obtained a polygraph examiner's license at the expense of Navarro County. *See* Request Letter, *supra* note 1, at 1. Thus, the Office would like the Justice to continue administering polygraph examinations in criminal cases. *See id.* Your predecessor asked whether it is "a conflict of interest for a sitting Justice of the Peace to continue administering polygraph examinations on criminal defendants after arraignment and bail [has been] set." *Id.* Your predecessor's question, phrased in terms of conflict of interest, was limited to whether the Texas Code of Judicial Conduct would prohibit a justice of the peace from providing the polygraph services to the Office.[2] *See id.* The Request Letter specifically directs us to Canon 4A, which provides that "[a] judge shall conduct all of the judge's extra-judicial activities so that they do not: (1) cast reasonable doubt on the judge's capacity to act impartially . . . ; or (2) interfere with the proper performance of judicial duties." TEX. CODE JUD. CONDUCT, Canon 4(A), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G. app. B (Vernon 2005); *see id.* Canon 8(B)(1) ("'Shall' . . . denotes binding obligations the violation of which can result in disciplinary action."); *see also* Request Letter, *supra* note 1, at 1.

---

[1]Letter from Honorable Steve A. Keathley, Navarro County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Dec. 29, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]Local Government Code chapter 171, relating to local public officers' conflict of interest, addresses economic conflicts. *See* TEX. LOC. GOV'T CODE ANN. §§ 171.001–.010 (Vernon 1999 & Supp. 2006).

The State Commission on Judicial Conduct (the "Commission") is responsible, in the first instance, for applying the judicial canons to specific conduct by judges, including justices of the peace. *See* TEX. CONST. art. V, § 1-a(2), (6)(A), (8); *see also* TEX. GOV'T CODE ANN. §§ 33.001–.051 (Vernon 2004) (establishing the Commission and setting out its powers and duties). In 2001, the Commission determined that an individual improperly held employment as a justice of the peace and a law enforcement officer in neighboring counties. *See* STATE COMM'N ON JUDICIAL CONDUCT, SUMMARIES OF PUBLIC SANCTIONS, PUBLIC REPRIMAND (Apr. 24, 2001).[3] The Commission explained that service in the two "positions created an appearance of impropriety, bias, prejudice, and partiality in the handling of criminal cases. Furthermore, it would appear to the public that the Judge's fellow law enforcement officers are in a special position to influence the Judge in his decisions." *Id.* The justice of the peace was suspended for violation of Canons 2A and 4D(1)[4] in addition to Canon 4A(1). *See id.*

In 2000, the Commission issued a public statement condemning the practice of judges serving as active law enforcement officers. *See* STATE COMM'N ON JUDICIAL CONDUCT, PUBLIC STATEMENT NO. PS-2000-1 (Mar. 24, 2000);[5] *see also* TEX. CONST. art. V, § 1-a(10) (authorizing the Commission to issue a public statement during proceedings against a judge). Noting that judges are members of the judicial branch and law enforcement officers are part of the executive branch, the Commission concluded that a judge attempting to fulfill the requirements of both offices would "severely compromise[] the impartiality and independence of the judicial office." STATE COMM'N ON JUDICIAL CONDUCT, PUBLIC STATEMENT NO. PS-2000-1 (Mar. 24, 2000). The Commission broadly opined that "anyone who tries to serve the public as both judge and law enforcement irrevocably undermines the public's confidence in an impartial and independent judiciary." *Id.*

A justice of the peace's administration of polygraph examinations for a criminal district attorney's office, even though performed in a capacity other than as a member of the office, seems to raise the same concerns addressed by the Commission in connection with a judge's service as a law enforcement officer. The justice of the peace's involvement with the criminal district attorney's office—also a part of law enforcement and the executive branch of government—and contact with a criminal defendant in that capacity might undermine the public's trust in the judge's ability to remain impartial and fair while conducting judicial business. *See* TEX. CODE JUD. CONDUCT, Canons 2(A), 4(A)(1), 4(D)(1). Thus, Canons 2A, 4A(1), and 4D(1), as construed by the Commission, might prohibit a justice of the peace from providing the polygraph examination services for the Office.

---

[3]*Available at* http://www.scjc.state.tx.us/sumpub_txt.php (last visited May 30, 2007).

[4]Canon 2A states that a judge "should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." TEX. CODE JUD. CONDUCT, Canon 2(A); *see also id.* Canon 8(B)(2) ("'Should' . . . relates to aspirational goals and as a statement of what is or is not appropriate conduct but not as a binding rule under which a judge may be disciplined."). And Canon 4D(1) requires a judge to "refrain from financial and business dealings that tend to reflect adversely on the judge's impartiality . . . or involve the judge in frequent transactions with lawyers or persons likely to come before the court on which the judge serves." *Id.* Canon 4(D)(1).

[5]*Available at* http://www.scjc.state.tx.us/PubStat-2000-1.pdf (Public Information) (last visited May 30, 2007).

The Request Letter contends that the judge's polygraph examination of defendants charged with felonies would not violate, as a matter of law, the judicial canons because the judge's "jurisdiction over the defendant will end once he has arraigned and set the bond on the defendant[,] thus posing no conflict of interest." Request Letter, *supra* note 1, at 1. Because the Request Letter asks about a justice of the peace and links "arraignment" with bail, we presume that it refers to the judge's services as a magistrate under article 15.17 of the Code of Criminal Procedure.[6] The Code of Criminal Procedure requires an arrested person to be taken before a magistrate within 48 hours of the arrest. *See* TEX. CODE CRIM. PROC. ANN. art. 15.17 (Vernon Supp. 2006). A magistrate must perform the duties set forth in article 15.17, including informing the arrested person of the accusations against the person and, "after determining whether the person is currently on bail for a separate criminal offense, admit[ting] the person arrested to bail if allowed by law." *Id.* art. 15.17(a). As an officer authorized to act as a magistrate, a justice of the peace may perform these article 15.17 duties. *See id.* art. 2.09 (Vernon 2005) (listing a justice of the peace as one of the officers that may act as a magistrate).

We find this contention, premised on the absence of jurisdiction over a criminal defendant after an article 15.17 hearing, to be unpersuasive for two reasons. First, a justice of the peace's jurisdiction over a defendant in a felony case does not necessarily end with the performance of the article 15.17 duties. *See Ex parte Knight*, 904 S.W.2d 722, 726 (Tex. App.—Houston [1st Dist.] 1995, writ ref'd); *see also Ex parte Clear*, 573 S.W.2d 224, 228 (Tex. Crim. App. 1978). With respect to criminal matters, a justice of the peace has two roles: (1) as justice of the peace with original criminal jurisdiction, which does not include jurisdiction over felony cases; and (2) as a magistrate with the jurisdiction and authority of any magistrate in the county, including the authority to take a felony complaint, issue a warrant of arrest, issue search warrants, and conduct examining trials in addition to providing the article 15.17 warnings and services. *See Ex parte Knight*, 904 S.W.2d at 726.[7] In *Ex parte Clear*, the Court of Criminal Appeals, in deciding whether a justice court had sole jurisdiction of a felony complaint filed therein, held that "a justice of the peace acting as a magistrate has jurisdiction concurrent with that of a district judge who also seeks to exercise *magisterial* powers." *Ex parte Clear*, 573 S.W.2d at 228 (emphasis added). The Court of Criminal Appeals concluded that the justice court possessed sole jurisdiction over the felony complaint "to the exclusion of all other courts, until the time that the complaint was either dismissed by the court

---

[6]Under the Code of Criminal Procedure, an arraignment occurs in all felony cases and all misdemeanor cases punishable by imprisonment after the filing of formal charges. TEX. CODE CRIM. PROC. ANN. arts. 26.01, .03 (Vernon 1989). "An arraignment takes place for the purpose of fixing [the defendant's] identity and hearing his plea." *Id.* art. 26.02. A justice of the peace does not conduct arraignments. *See* Tex. Att'y Gen. Op. Nos. GA-0193 (2004) at 1 n.1, JM-739 (1987) at 3. The term "arraigned" is sometimes used to indicate that an individual has been taken before a magistrate, but this usage is inconsistent with the statutory language. *See Watson v. State*, 762 S.W.2d 591, 594 n.4 (Tex. Crim. App. 1988) (en banc) (explaining that an article 15.17 procedure is not an "arraignment" in Texas law).

[7]*See also* TEX. CONST. art. V, § 19 (providing that justice of the peace courts "have original jurisdiction in criminal matters of misdemeanor cases punishable by fine only . . . and such other jurisdiction as may be provided by law"); TEX. CODE CRIM. PROC. ANN. arts. 4.11 (Vernon 2005) (providing for original jurisdiction of a justice court in criminal cases punishable by fine and sanction that is not confinement or imprisonment), 2.09 (listing a justice of the peace as one of the officers that may act as a magistrate), 15.01 (magistrate may issue a warrant of arrest), 15.04 ("affidavit made before the magistrate . . . is called a 'complaint'").

or superseded by the action of the grand jury, or until" there is a waiver of the indictment as provided for by Code of Criminal Procedure article 1.141. *Id.* at 229 (footnotes omitted). Thus, a justice of the peace may have continuing jurisdiction over a defendant after the judge has "arraigned and set bond on" the defendant.

Second, the Commission's concerns regarding a judge serving as a law enforcement officer are grounded in broader principles of the public trust and the appearance of impropriety—not merely the judge's jurisdiction. *See* STATE COMM'N ON JUDICIAL CONDUCT, SUMMARIES OF PUBLIC SANCTIONS, PUBLIC REPRIMAND (Apr. 24, 2001) (stating that dual employment as a justice of the peace and a law enforcement officer "created an appearance of impropriety, bias, prejudice, and partiality in the handling of criminal cases"). As the Commission explained in its public statement issued in 2000, "the guiding factor in this analysis [of dual service] is the public's trust in the ability of a judge to remain impartial and fair while conducting judicial business." STATE COMM'N ON JUDICIAL CONDUCT, PUBLIC STATEMENT NO. PS-2000-1 (Mar. 24, 2000).

Nonetheless, this office cannot ultimately determine whether a justice of the peace is prohibited by the judicial canons from administering the polygraph examinations. That determination we must leave to the Commission. The Commission is the body authorized by the Texas Constitution and by statute to apply, in the first instance, the judicial canons and investigate allegations of judicial misconduct thereunder. *See* TEX. CONST. art. V, § 1-a(2), (6), (8); *see also* TEX. GOV'T CODE ANN. §§ 33.001–.051 (Vernon 2004). Moreover, the Texas Constitution requires the Commission to "keep itself informed . . . of circumstances relating to the misconduct . . . of particular persons holding [judicial office], . . . receive complaints or reports . . . from any source . . . and make such preliminary investigations as it may determine." TEX. CONST. art. V, § 1-a(7); *see also* TEX. GOV'T CODE ANN. § 33.022 (Vernon 2004) (setting out the Commission's authority to investigate the circumstances surrounding an appearance of misconduct and to take formal actions on such matters). As this office has stated previously,"[w]hether a judge's conduct in specific circumstances offends the Code of Judicial Conduct is ultimately a matter for the . . . Commission." Tex. Att'y Gen. Op. No. GA-0199 (2004) at 5; *see also* Tex. Att'y Gen. Op. No. GA-0348 (2005) at 6–7 (concluding that whether the judicial canons have been violated is a question that this office must leave to the Commission).

### S U M M A R Y

The State Commission on Judicial Conduct (the "Commission") is responsible for applying the Code of Judicial Conduct to specific conduct by judges, including justices of the peace. The Commission has opined that the public's confidence in an impartial and independent judiciary is undermined when a person attempts to serve both as a judge and in law enforcement. The Commission must initially determine whether a justice of the peace is prohibited by the Code of Judicial Conduct from administering polygraph examinations to criminal defendants for the criminal district attorney's office.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General, Opinion Committee