

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| IN RE: | § | No. 08-21-00150-CR |
| THE STATE OF TEXAS, | § | AN ORIGINAL PROCEEDING |
| RELATOR. | § | IN A WRIT OF PROHIBITION |
| | § | |

**<u>MEMORANDUM OPINION</u>**

On September 9, 2021, at 4:19 p.m., the State of Texas, Relator, filed a writ of prohibition against Respondent, the Honorable Pedro Gomez, Jr., judge of the 112th District Court of Reagan County, asking us to prevent Respondent from issuing a bond ruling involving Real Party in Interest Ariel Guadalupe Martinez at a possible hearing to be held the next morning at 10 a.m.

The State alleged that Respondent did not have jurisdiction to issue Martinez's bond because Respondent is a district court judge and it is the justice court in Reagan County that possessed sole jurisdiction to rule on bond issues related to Martinez. *See Ex parte Clear*, 573 S.W.2d 224, 228-29 (Tex.Crim.App. 1978)(holding that justice court had magisterial jurisdiction to the exclusion of district court because when two or more courts have concurrent jurisdiction of any offense, the court in which an indictment or a complaint shall first be filed retains jurisdiction). The State further alleged that if Respondent granted bond, the State would have no right to appeal

and would be forced to re-apprehend Martinez.[1] Contemporaneous with the petition, the State filed a Rule 52.10 motion for temporary relief, seeking to stop Respondent from holding a 10 a.m. bond hearing on September 10, 2021. We granted the motion for temporary relief and called for a response from the real party in interest.

The State has now moved to dismiss this mandamus action on mootness grounds, stating that (1) the bond matter was taken up by the justice of the peace of Reagan County at a hearing on September 9, 2021, (2) the matter was resolved by agreement between the parties, and (3) the prohibition relief sought by the State is now moot because the issue has been resolved in the proper jurisdiction.

We agree based on the State's representations that the controversy is now moot because the State has already obtained the relief it requested, i.e., a bond ruling from the justice court. Therefore, this petition for a writ of prohibition is hereby dismissed for want of jurisdiction on mootness grounds.

September 10, 2021

YVONNE T. RODRIGUEZ, Chief Justice

Before Rodriguez, C.J., Palafox, and Alley, JJ.

(Do Not Publish)

---

[1] Although the State titled its petition as a "writ of prohibition," the substance of the petition appears to be more akin to a request for mandamus relief. *See In re McCann*, 422 S.W.3d 701, 711 (Tex.Crim.App. 2013)(identifying mandamus test as involving an abuse of discretion for which there is no adequate remedy by law). By contrast, a writ of prohibition operates like an injunction issued by a superior court to control, limit, or prevent action in a court of inferior jurisdiction. *In re Davis*, No. 08-20-00085-CV, 2020 WL 5094672, at *4 (Tex.App.—El Paso Aug. 26, 2020, orig. proceeding)(mem. op.). As a technically matter, the writ of prohibition is used to protect the subject matter of a pending appeal or to prohibit an unlawful interference with the enforcement of this Court's orders and judgments. *Id*. We have no jurisdiction to issue a writ of prohibition requiring the trial court to refrain from performing a future act unless we have actual jurisdiction over a pending proceeding. *Id*.